WR-62,099-04
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/20/2015 8:00:34 PM
Accepted 4/21/2015 8:04:56 AM
ABEL ACOSTA
CLERK

Cause Number WR-62,099-04

Ex Parte Robert Lynn Pruett

RECEIVED
COURT OF CRIMINAL APPEALS
4/21/2015
ABEL ACOSTA, CLERK

## State's Response
## to Application for Writ of Habeas Corpus
## and
## Motion for Stay of Execution

On Appeal in Cause Number B-01-M015-0-PR-B

From the 156th District Court of Bee County, Texas

**CAPITAL MURDER CASE**

**EXECUTION DATE SET FOR APRIL 28, 2015**

Melinda Fletcher
SBN 18403630
Special Prosecution Unit
P O Box 1744
Amarillo, Texas  79105
Phone 806.367.9407
Fax 866.923.9253
mfletcher@sputexas.org

# Table of Contents

Index of Authorities .................................. 3

Statement of the Case ................................ 4

Statement of Facts ................................... 5

  Direct Appeal ...................................... 5

  Evidence from the DNA Hearing....................... 7

Summary of the Argument .............................. 8

Argument ............................................. 9

  Pruett's files his claim under Article 11.073 of
  the Texas Code of Criminal Procedure. That Article
  does not operate to grant him relief under the facts
  of this case....................................... 9

Prayer .............................................. 11

Certificate of Compliance ........................... 12

Certificate of Service .............................. 12

# Index of Authorities

**Texas State Case Law**

Pruett v. State, 2004 WL 3093232
(Tex. Crim. App. 2004)..........................5, 6

Pruett v. State, No. AP-77,037 (Tex. Crim. App.
Oct. 22, 2014) (not designated for publication),
cert. denied, Pruett v. Texas, No. 14-8097
(Mar. 30, 2015)...........................8, 9, 10


**Texas Code of Criminal Procedure**

Art. 11.073 ................................8, 9, 10

Cause Number WR-62,099-04

Ex Parte Robert Lynn Pruett

To the Honorable Judges of the Court of Criminal Appeals:

Respondent, the State of Texas, respectfully presents this response in opposition to the granting of a Motion for Stay of Execution or a Writ of Habeas Corpus to Robert Lynn Pruett. Pruett's grounds for relief have already been tried, they have already been tested, and they have already failed.

# Statement of the Case

**Pruett is scheduled to be executed on April 28, 2015.** He seeks a stay of execution and a writ of habeas corpus, alleging new DNA evidence that would have probably changed the outcome of trial, as well as a conspiracy to kill Nagle and frame Pruett. The State opposes the writ and the stay of execution.

# Statement of Facts

## Direct Appeal

Pruett appealed his capital murder conviction directly to this Court, filed as cause number AP-74,370. One of the issues raised on appeal was the trial court's refusal to allow Pruett to introduce evidence of an alleged conspiracy against the murder victim, Nagle. *See Pruett v. State,* 2004 WL 3093232, at *3 (Tex. Crim. App. 2004). This Court wrote:

> In his fourth point of error, the appellant again argues that the trial court denied him the fundamental constitutional right to present a meaningful defense. He specifically complains that the trial court erroneously excluded evidence "that Nagle's death may have been related to an investigation involving correctional officers smuggling contraband into the prison.

> Defense counsel informed the trial court outside the presence of the jury that he wanted to question Thomas J. Prasifka, the warden of the McConnell prison unit, about "the fact that there were 30 or more officers indicted for smuggling dope into the prison and that Officer Nagle may have actually ratted some of them out." Defense counsel argued that this evidence was necessary to show that "[t]here was a motive for the gang members who were getting the drugs to kill Mr. Nagle, and there was a motive for corrupt guards to kill Mr. Nagle." Defense

counsel questioned Prasifka outside the jury's presence to determine if Nagle had any involvement in the investigation of the indicted correctional officers. Prasifka testified that Nagle did not act as an informant and had no involvement in the investigation. The trial court refused to permit defense counsel to pursue this line of questioning with Prasifka in front of the jury.

Defense counsel failed to produce any evidence in support of his speculative theory that Nagle was killed in retaliation for acting as an informant against his fellow correctional officers. As this court noted in Wiley v. State, "The danger of 'confusion of the issues' and 'misleading the jury' arises when circumstantial evidence tends to sidetrack the jury into consideration of factual disputes only tangentially related to facts at issue in the current case." Prasifka denied that Nagle had any involvement in the investigation. Allowing the appellant to explore this issue without further evidence and in the face of Prasifka's denial of a link between Nagle and the investigation would serve no purpose but to "confus[e] the issues" and "mislead[ ] the jury." The trial court did not abuse its discretion in refusing to permit defense counsel to question Prasifka about this issue in front of the jury. Point of error four is overruled.

*Id.*, internal footnotes omitted.

# Evidence from the DNA Hearing

There was no live testimony presented at the hearing on the Chapter 64 requests. (RR 1) The only evidence is Defendant's Exhibit 1 (DX1), a report from Mitotyping Technologies. The report concludes:

> In summary, while it can sometimes be appropriate to analyze STR data below threshold for the purpose of excluding individuals, it is my opinion that it would not be appropriate to do so in this case. This is due to the insufficient DNA in the torn paper sample resulting in a high degree of uncertainty in the peaks observed. Therefore, a meaningful comparison between the torn paper sample and any known samples cannot be performed.

The record is devoid of any mention from any of the DNA labs that results were not achieved due to inappropriate handling or storage of the evidence.

On April 20, 2015, this Court denied Pruett's writ of prohibition which alleged that new DNA technology is available that would have probably changed the outcome of the trial. This Court's order denying relief in cause WR-62,099-03, includes the following:

> Relator also filed in the trial court in May 2013 a motion for post-conviction DNA and palm-print testing under Chapter 64 of the Texas Code of Criminal Procedure. The trial court granted

that testing. However, the results of the testing were inconclusive, and the trial judge found that it was not reasonably probable that relator would have been acquitted had the new results been available at trial. Relator appealed that decision to this Court, and we affirmed the judgment of the trial court. *Pruett v. State*, No. AP-77,037 (Tex. Crim. App. Oct. 22, 2014) (not designated for publication), cert. denied, *Pruett v. Texas*, No. 14-8097 (Mar. 30, 2015).

# Summary of the Argument

Pruett wishes to argue in this case (1) that there was a conspiracy against the murder victim, and (2) that new DNA technology would have probably changed the outcome of the trial. The conspiracy theory is not recognizable under Art. 11.073 and the DNA argument has been recently considered and rejected by this Court. There is no reason to revisit the issue.

Pruett has had his due process and is now subject to execution. Writ should not issue to stay his execution or to grant him any other relief.

# Argument

## Pruett's files his claim under Article 11.073 of the Texas Code of Criminal Procedure. That Article does not operate to grant him relief under the facts of this case.

Article 11.073 grants relief to a person when (1) there is relevant scientific evidence that was not available to be offered at the time of trial, and (2) the court makes the finding that if the scientific evidence had been presented at trial, on the preponderance of the evidence the person would not have been convicted. Tex. Code Crim. Proc. Art. 11.073.

Pruett's writ asserts that "[h]ad the new scientific evidence been presented to Pruett's jurors, he probably would not have been convicted." (See p. 15 of Pruett's writ.) However, the new technology has already been applied to this case, with no conclusive results. *See Pruett v. State*, 2014 WL 5422573, at *1. The trial court determined that the inconclusive results would not have

probably resulted in a different verdict, and this Court affirmed the trial court. *Id.* at *1-*2.

Despite the inconclusive findings and the affirmation of the trial court's decision, Pruett filed cause number WR-62,099-03 with this Court, seeking relief with the same argument. This Court denied that relief on April 20, 2015.

There is no new scientific evidence in this case that would probably result in a different verdict at trial. Pruett's "Therefore Article 11.073 does not operate to grant Pruett the relief he seeks.

# Prayer

Because there is no new evidence and no new arguments, the State prays that this Honorable Court deny Pruett's Motion for Stay of Execution and his Writ of Habeas Corpus.

Respectfully Submitted,

/s/ Melinda Fletcher

Melinda Fletcher
Appellate Attorney
SBN 18403630

Special Prosecution Unit
P O Box 1744
Amarillo, Texas 79105

Phone 806.367.9407
Fax   866.923.9253
mfletcher@sputexas.org

# Certificate of Compliance

I hereby certify that, according to Microsoft Word, this response contains a total of only 1515 words. The length of this document is in compliance with the Texas Rules of Appellate Procedure.

/s/ Melinda Fletcher

Melinda Fletcher

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing Brief for the State was served on David Dow and Jeff Newberry, the attorneys for Pruett, via electronic mail on this the 21st day of April, 2015.

/s/ Melinda Fletcher

Melinda Fletcher